**GLUCK LAW FIRM P.C.**
Jeffrey S. Gluck (SBN 304555)
Jeff@GluckIP.com
602 N. Sweetzer Avenue
Los Angeles, California 90048
Telephone: 310.776.7413

**ERIKSON LAW GROUP**
David Alden Erikson (SBN 189838)
david@daviderikson.com
Antoinette Waller (SBN 152895)
antoinette@daviderikson.com
S. Ryan Patterson (SBN 279474)
ryan@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHRIS A. WILLIAMS, an individual;<br><br>Plaintiff,<br><br>v.<br><br>HY-VEE, INC., an Iowa corporation; and DOES 1-10 inclusive.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Chris A. Williams a/k/a CAW hereby complains against Defendant Hy-Vee, Inc. ("Hy-Vee"); and Does 1-10 inclusive (collectively referred to as "Defendants") as follows.

## SUMMARY OF THE CASE

1. Plaintiff Chris A. Williams is an artist and community-based muralist, well known in the contemporary art world by his pseudonym CAW.

2. In October 2018, Williams painted an outdoor Mural on the broad side of a building (the "Mural," shown below). He signed the Mural on its lower right hand corner, and painted his Instagram contact information on the lower left corner.




*The Mural, 2018*

3. Earlier this year, national grocery store chain Hy-Vee inexplicably featured the Mural in a marketing campaign (the "Campaign"), without the artist's knowledge or consent. The Campaign included a commercial—with lingering shots of the Mural—that premiered during the Super Bowl and continued to air on

television for several months thereafter. The Campaign was also posted widely across Hy-Vee's social media, including on its YouTube channel.




4. Hy-Vee's exploitation of the Mural is particularly damaging because Williams has carefully avoided any association with corporate culture or mass-market consumerism. Despite offers, he has very rarely made his original art available as part of corporate advertising campaigns—partly for artistic reasons but also because doing so would diminish the value of his work. Indeed, nothing is more antithetical to a street artist's credibility than association with something as banally commercial as a chain of grocery stores. People who recognized his Mural in the Campaign would have concluded that Williams "sold out," diminishing the value of his work and reputation.

5. Plaintiff brings this straightforward copyright infringement claim (17 U.S.C. § 101, *et seq.*) for misappropriation of his Mural. Because Hy-Vee removed his signature from the advertising materials, Plaintiff also brings claims for alteration and removal of copyright management information under the Digital Millennium Copyright Act (17 U.S.C. § 1202).

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over this action and the claims asserted herein, pursuant to 28 U.S.C. Section 1331 ("federal question jurisdiction") and 1338(a)-(b) ("patent, copyright, trademark and unfair competition jurisdiction") in that this action arises under the laws of the United States and, more specifically, Acts of Congress relating to patents, copyrights, trademarks, and unfair competition.

7. Defendants are subject to the personal jurisdiction of the Court because the Campaign was distributed in, expressly aimed at, and viewed by, California residents and residents of this District. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(1)-(3) for the same reasons.

## THE PARTIES

8. Defendant Hy-Vee is an Iowa corporation operating a national grocery retail business. It maintains a headquarters in West Des Moines, Iowa.

9. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as Does 1-10, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when the same has been ascertained. Plaintiff is informed and believes, and thereon alleges, that each fictitiously-named defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

10. Each of the defendants acted as an agent for each of the other defendants in doing the acts alleged and each defendant ratified and otherwise adopted the acts and statements performed, made or carried out by the other defendants so as to make them directly and vicariously liable to the Plaintiff for the conduct complained of herein.

## GENERAL ALLEGATIONS

### A. Plaintiff

11. Williams is a well-known contemporary graffiti artist and has participated in gallery shows and art festivals.

### B. The Mural

12. Williams painted the original Mural in 2018, in Des Moines, Iowa. The purpose of the Mural was purely artistic, offered to the community as a piece of fine art. The copyright for the Mural was registered with the United States Copyright Office, effective June 26, 2019 (United States Copyright Registration VAu001359660).

### C. Hy-Vee's Advertising Campaign Featuring the Mural

13. In 2019, to increase sales, attract new customers, and enhance its brand goodwill, Hy-Vee developed and launched the Campaign featuring the Mural as a centerpiece element. In one Campaign commercial, which aired during the Super Bowl, the Mural is shown multiple times, close up and in detail, in nearly its entirety, for a substantial period of time. The Campaign commercial begins with a young girl traveling alone between school and home, passing the Mural along the way, and follows this same journey over the years leading to her college graduation.





As shown in the images above, Defendants repetitive use of the Mural enhances the central narrative of the Campaign commercial by conveying the routine nature of the young girl's journey through her neighborhood, and highlighting her growth from a small child to a young woman.

14. The Mural was incorporated into the Campaign without Plaintiff's authorization—or even his knowledge. The purpose of the Campaign was to invite and encourage consumers to shop for groceries at Hy-Vee, and to enhance the Hy-Vee's image and goodwill by touting its good deeds and portraying it as a valuable aspect of children's lives.

15. In this regard, Hy-Vee, undertook to unlawfully copy, and did unlawfully copy, Plaintiff's Mural for the purpose of incorporating it into the Campaign. On information and belief, Hy-Vee chose to include Plaintiff's Mural in the Campaign because of its aesthetic value and to give the false impression that Plaintiff is affiliated with and endorses Hy-Vee.

16. In addition to being widely broadcast on network television, versions of the Campaign commercial featuring the Mural were offered across the internet and Hy-Vee's social media platforms, including, but not limited to, its YouTube channel. Reflecting its importance and appeal, an image of the Mural was also chosen as the thumbnail/cover of the video in Hy-Vee's social media channels.

17. On information and belief (based on the content of the Campaign), the Campaign was designed to draw in and engage the consumers to whom Hy-Vee hoped to sell products.

18. Further purposes of the Campaign were to (1) promote Hy-Vee's retail grocery business and more specifically its One Step brand's partnership with Oprah Winfrey's O, That's Good products; and (2) benefit the reputation and recognition of the Hy-Vee brand as a whole. The Campaign was intended to (and on information and belief, did) engage customers, increase traffic to Hy-Vee's retail locations, website, social media accounts, and increase Hy-Vee's sales revenues.

19. On information and belief (based on the nature of the advertising) the Campaign was seen by many consumers worldwide. The Campaign was shared across a network of official Hy-Vee social media channels and was widely broadcast on television—most notably during the 2019 Super Bowl.

20. Hy-Vee reproduced these unauthorized copies of Plaintiff's artwork without Plaintiff's consent; and Hy-Vee's use of Plaintiff's artwork is for its own advertising and brand enhancement.

21. If this literal misappropriation was not bad enough, Hy-Vee also superimposed its own brand logo below the Mural throughout the video, as if the Hy-Vee brand created the Mural itself, or, alternatively, as if the Hy-Vee brand was endorsed by Plaintiff.

22. After discovering Hy-Vee's unauthorized use of the Mural, Plaintiff promptly demanded Defendants cease using the infringing images. Defendants refused, and Hy-Vee continues to use the infringing images to this day.

23. Due to Defendants' misconduct as alleged herein, Plaintiff's reputation and career have been irreparably tarnished, diminishing the value of his work and causing decreased revenue from the sale of artworks.

24. Hy-Vee benefitted from the misappropriation and infringement in numerous ways, including but not limited to the following: (1) they enjoyed the increased digital impressions and sales increases generated by the advertisements; and (2) the association with Plaintiff and his artwork increased the value, image, and positioning of the Hy-Vee brand.

25. Plaintiff has sustained significant injury and monetary damages due to Defendants' wrongful acts as alleged in this Complaint. Plaintiff is at present unable to ascertain the full extent of the monetary damages he has suffered by reason of said acts. To determine the full extent of such damages, including such profits of Defendants as may be recoverable, Plaintiff will require an accounting from each Defendant of all monies generated from their wrongful conduct.

26. Plaintiff is informed and believes, and thereon alleges, that Defendants' alleged conduct was, and continues to be, intentional, deliberate, willful, wanton, committed with the intention of injuring Plaintiff, and depriving Plaintiff of Plaintiff's legal rights; was, and is, despicable conduct that subjects Plaintiff to a

cruel and unjust hardship; and was, and continues to be, undertaken with oppression, fraud and malice. Accordingly, Plaintiff is entitled to an award of punitive or exemplary damages.

27. Defendants' actions have caused, and will continue to cause, damage and irreparable harm to Plaintiff (as described above) and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff, unless preliminarily and permanently enjoined and restrained by the Court.

**First Claim for Relief for Copyright Infringement**

**(Against All Defendants)**

28. Plaintiff incorporates herein by this reference all prior paragraphs as if set forth in full in this cause of action.

29. Plaintiff's Mural was created in 2018. The Mural is an original work that may be copyrighted under United States law. Plaintiff applied to the copyright office and received a certificate of registration for the Mural, dated June 26, 2019 and identified as United States Copyright Registration Number VAu001359660.

30. After Plaintiff's creation of the graphic expression and (on information and belief) with full knowledge of the rights of Plaintiff, Defendants infringed Plaintiff's copyright by copying, as described above, the artwork and exhibiting such copied images as advertising materials.

31. Even after Plaintiff protested, Defendants continue to infringe Plaintiff's copyright by continuing to exhibit unauthorized copies of Plaintiff's Mural in advertising materials, and on Defendants' websites and social media.

32. All of Defendants' acts were performed without the permission, license or consent of Plaintiff.

33. As a result of Defendants' infringement, Plaintiff has suffered and will continue to suffer substantial damage to Plaintiff's businesses in the form of diversion of trade, loss of profits, and a diminishment in the value of Plaintiff's works, rights, and reputation, all in amounts that are not yet ascertainable but not

less than the jurisdictional minimum of this court. As a result of Defendants' misconduct as alleged herein, Plaintiff's reputation and career has been irreparably tarnished, diminishing the value of Plaintiff's works, and decreasing revenue derived from his work.

34. By reason of their infringement of Plaintiff's copyright as alleged herein, Defendants are also liable to Plaintiff for the actual damages incurred by Plaintiff as a result of the infringement, and for any profits of Defendants directly or indirectly attributable to such infringement.

**Second Claim for Relief for Removal of Copyright Management Information in Violation of the Digital Millennium Copyright Act (17 U.S.C. § 1202(b))**

**(Against All Defendants)**

35. Plaintiff incorporates herein by this reference all prior paragraphs as if set forth in full in this cause of action.

36. Plaintiff prominently signed his art pseudonym "CAW" to the lower right of the Mural:




In addition, Plaintiff included his contact information in the form of his Instagram account name "@KingCAW" in the lower left of the Mural. By cropping the video frame, Hy-Vee intentionally removed Plaintiff's signature and contact information from the copies of the Mural used in the Campaign.

37. By removing Williams's signature in the Campaign, Hy-Vee intentionally altered/removed copyright management information with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the

Copyright Act. Such conduct is a violation of 17 U.S.C. § 1202(b).

38. Defendants' removal of copyright management information was made without the knowledge or consent of Plaintiff.

39. On information and belief, Defendant's removal copyright management information was done by Defendant intentionally, knowingly, and with the intent to conceal Defendant's infringement of Plaintiff's copyright in the Mural. Defendant also knew, or had reason to know, that such removal and/or alteration of copyright management information would conceal Defendant's infringement of Plaintiff's copyright in the Mural. Lacking any way to know Defendant's states of mind, Plaintiff pleads Defendant's intent/knowledge on information and belief. The basis for such information and belief is an inference from the nature of Defendant's copying: the most plausible explanation for Defendant's choice to omit Williams's signature and contact information from Defendant's use of the works is that that Defendant intended to obscure Williams's name in order to make less likely that Plaintiff would learn of Defendant's infringement. That Defendant's cropping out of Plaintiff's signature and contact information was intentional may also be inferred from the fact that Defendant used the vast majority of the Mural in the commercial, but left out the two areas that featured copyright management information.

40. Plaintiff has sustained significant injury and monetary damages due to Defendants' wrongful acts as hereinabove alleged. Plaintiff is at present unable to ascertain the full extent of the monetary damages suffered by reason of said acts. To determine the full extent of such damages, including such profits of Defendants as may be recoverable under 17 U.S.C. § 1203, Plaintiff will require an accounting from each Defendant of all monies generated from their wrongful falsification, removal and alteration of copyright management information.

41. In the alternative, Plaintiff elects to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from each defendant for each violation of 17 U.S.C. § 1202.

**PRAYER**

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. That Plaintiff is awarded all damages, including future damages, that Plaintiff has sustained, or will sustain, due to the acts complained of herein, subject to proof at trial;

2. That Plaintiff is awarded his costs, attorneys' fees and expenses in this action;

3. That Plaintiff is awarded pre-judgment interest;

4. For an order permanently enjoining Defendants and their employees, agents, servants, attorneys, representatives, successors, and assigns, and all persons in active concert or participation with any of them, from engaging in the misconduct referenced herein;

5. That Defendants be ordered to immediately recall and remove all infringing advertisements from all remaining locations, physical or digital;

6. That Defendants be ordered to file with this Court and serve upon Plaintiff's counsel within thirty (30) days after services of the judgment demanded herein, a written report submitted under oath setting forth in detail the manner in which they have complied with the judgment;

7. For disgorgement of all proceeds, and restitution of the moneys wrongfully received by Defendants as the result of their wrongful conduct;

8. For punitive damages in an amount sufficient to deter Defendants, and each of them, from their wrongful conduct; and

10. For further relief, as the Court may deem appropriate.

DATED: July 31, 2019 GLUCK LAW FIRM P.C.

By: /s/

Jeffrey S. Gluck
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on their claims on all issues triable by a jury.

DATED: July 31, 2019

GLUCK LAW FIRM P.C.

By: /s/
Jeffrey S. Gluck
Attorneys for Plaintiff